

# In the
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

---

No. 06-26-00039-CR

---

TIMOTHY HAYES HILBURN, Appellant

V.

THE STATE OF TEXAS, Appellee

---

On Appeal from the 188th District Court
Gregg County, Texas
Trial Court No. 56384-A

---

Before Stevens, C.J., van Cleef and Rambin, JJ.
Memorandum Opinion by Justice van Cleef

MEMORANDUM OPINION

Timothy Hayes Hilburn appeals his eighteen-year sentence for the offense of "POSSESSION OF CONTROLLED SUBSTANCE WITH INTENT TO DELIVER PG1" in the amount of four grams or more but less than 200 grams, a first-degree felony. In his sole point of error, Hilburn contends that he received a disproportionate sentence in violation of the Eighth Amendment's[1] prohibition of cruel and unusual punishment.

We affirm the judgment of the trial court.

## I.      Factual Background

The facts were stipulated.

On August 6, 2024, the Kilgore Police Department received a telephone call to remove Hilburn from private property after he refused to leave. While attempting to arrange a courtesy transport to another location, the responding officers learned that Hilburn had a warrant for his arrest in Gregg County, Texas. The officers took Hilburn into custody. Officers inventoried his belongings at the jail and discovered 7.2 grams of ecstasy pills among Hilburn's belongings.

Hilburn pled guilty, but he had no agreement for a particular punishment. Witnesses testified that Hilburn had a lengthy criminal history and a history of mental illness. In particular, the defense and its witnesses suggested that a treatment program in Fort Worth—one that treats both mental illness and substance abuse—would be an appropriate placement. However, Hilburn ultimately stated that he did not want treatment. He received an eighteen-year custodial sentence.

---

[1]See U.S. CONST. amend. VIII.

Hilburn did not object to the sentence on any grounds prior to his appeal.

## II.     Discussion

### A.      The Eighth Amendment

The Eighth Amendment prohibition on cruel and unusual punishment "is a narrow principle that does not require strict proportionality between the crime and the sentence." *State v. Simpson*, 488 S.W.3d 318, 322 (Tex. Crim. App. 2016) (citing *Harmelin v. Michigan*, 501 U.S. 957, 1001 (1991) (Kennedy, J., concurring)).   The prohibition on cruel and unusual punishment "forbids only extreme sentences that are 'grossly disproportionate' to the crime." *Id.* (quoting *Ewing v. California*, 538 U.S. 11, 23 (2003)).   Mere harshness does not meet this standard.  *Id.* at 324 ("Appellee presented evidence that his sentence was too harsh, not that it was unconstitutional.").   The Texas Court of Criminal Appeals "has traditionally held that punishment assessed within the statutory limits, including punishment enhanced pursuant to a habitual-offender statute, is not excessive, cruel, or unusual." *Id.* at 323; *see Squalls v. State*, No. 06-23-00056-CR, 2024 WL 2178626, at *7 (Tex. App.—Texarkana May 15, 2024, pet. ref'd) (mem. op., not designated for publication).

"An allegation of disproportionate punishment is a valid legal claim.  The concept of proportionality is embodied in the Constitution's ban on cruel and unusual punishment and requires that punishment be graduated and proportioned to the offense." *Simpson*, 488 S.W.3d at 322 (citing U.S. CONST. amend. VIII).  "But, this is a narrow principle that does not require strict proportionality between the crime and the sentence." *Id.* (citing *Harmelin*, 501 U.S. at 1001 (Kennedy, J., concurring)).   However, the United States Supreme Court has observed that the

principle of disproportionate sentences is "applicable only in the 'exceedingly rare' and 'extreme' case." *Lockyer v. Andrade*, 538 U.S. 63, 73 (2003) (quoting *Harmelin*, 501 U.S. at 1001 (Kennedy, J., concurring)). "The gross disproportionality principle reserves a constitutional violation for only the extraordinary case." *Id.* at 77.

> To determine whether a sentence for a term of years is grossly disproportionate for a particular defendant's crime, a court must judge the severity of the sentence in light of the harm caused or threatened to the victim, the culpability of the offender, and the offender's prior adjudicated and unadjudicated offenses.

*Simpson*, 488 S.W.3d at 323 (citing *Graham v. Florida*, 560 U.S. 48, 60 (2010)). A court reviewing a claim of a constitutionally-disproportionate sentence "initially make[s] a threshold comparison of the gravity of the offense against the severity of the sentence, and then consider[s] whether the sentence is grossly disproportionate to the offense." *Davis v. State*, 125 S.W.3d 734, 736 (Tex. App.—Texarkana 2003, no pet.) (citing *Jackson v. State*, 989 S.W.2d 842, 846 (Tex. App.—Texarkana 1999, no pet.)). If such a disproportion is found, only then does the reviewing court examine the next two *Solem*[2] factors, i.e., comparisons of "sentences for similar crimes in the same jurisdiction" and "sentences for the same crime in other jurisdictions." *Jackson*, 989 S.W.2d at 845 n.6 (quoting *McGruder v. Puckett*, 954 F.2d 313, 316 (5th Cir. 1992) (analyzing *Solem* and *Harmelin* in light of the latter's scattered plurality opinion and concluding "disproportionality survives; *Solem* does not")).

Generally, where an assessed sentence is within the prescribed punishment range for the offense of conviction, the sentence will not be found to be cruel and unusual. *See Jordan v.*

---

[2]*Solem v. Helm*, 463 U.S. 277 (1983).

*State*, 495 S.W.2d 949, 952 (Tex. Crim. App. 1973). Texas has long held that punishments falling within the prescribed statutory limitations are not cruel and unusual within the meaning of the Texas Constitution. *See Simpson*, 488 S.W.3d at 323; *Harris v. State*, 656 S.W.2d 481, 486 (Tex. Crim. App. 1983). If we find a sentence to be grossly disproportionate to the offense, we then "compare the sentence received to sentences for similar crimes in the same jurisdiction and to sentences for the same crime in other jurisdictions." *Alberto v. State*, 100 S.W.3d 528, 530 (Tex. App.—Texarkana 2003, no pet.) (citing *McGruder*, 954 F.2d at 316) (discussing *Solem*, 463 U.S. at 292); *Curry v. State*, No. 06-19-00107-CR, 2020 WL 398503, at *2 (Tex. App.— Texarkana Jan. 24, 2020, pet. ref'd) (mem. op., not designated for publication) (quoting *Alberto*, 100 S.W.3d at 530).

The punishment range for a first-degree felony is five to ninety-nine years' confinement. TEX. PENAL CODE ANN. § 12.32(a).

III.    **Analysis**

As noted above, Hilburn did not object to his sentence on any ground prior to his appeal.

Generally, to preserve error for appellate review, the record must show that an objection was made to the trial court, the grounds for relief were made "with sufficient specificity to make the trial court aware of the complaint, unless the specific grounds were apparent from the context," and the trial court ruled upon the objection. TEX. R. APP. P. 33.1(a)(1)(A).

As we have stated,

> "A party is not excused from the procedural requirements for objecting at trial merely because an error involves a constitutional right." *Jimenez v. State*, 32 S.W.3d 233, 235 (Tex. Crim. App. 2000). "To preserve for appellate review a complaint that a sentence is grossly disproportionate, constituting cruel and

5

unusual punishment, a defendant must present to the trial court a timely request, objection, or motion stating the specific grounds for the ruling desired." *Davis v. State*, 614 S.W.3d 223, 232 (Tex. App.—Texarkana 2020, no pet.) (quoting *Navarro v. State*, 588 S.W.3d 689, 690 (Tex. App.—Texarkana 2019, no pet.)); *see Jackson*[, 989 S.W.2d at 844].

*Williams v. State*, No. 06-25-00003-CR, 2025 WL 1859426, at *1–2 (Tex. App.—Texarkana July 7, 2025, no pet.) (mem. op., not designated for publication) (quoting *Hawkins v. State*, No. 06-23-00249-CR, 2024 WL 3073767, at *1 (Tex. App.—Texarkana June 21, 2024, no pet.) (mem. op., not designated for publication)). A "failure to preserve [an] Eight[h] Amendment claim at trial forfeits the claim for appellate review." *Ex parte Scott*, 541 S.W.3d 104, 118 n.14 (Tex. Crim. App. 2017) (orig. proceeding) (citing *Curry v. State*, 910 S.W.2d 490, 497 (Tex. Crim. App. 1995) ("The appellant never objected at trial concerning cruel and unusual punishment.")).

Here, Hilburn did not make any request, objection, or motion for a new trial stating a specific ground for the relief from his sentence. Accordingly, his claim was not preserved for our review.

## III.    Conclusion

We affirm the trial court's judgment.

Charles van Cleef
Justice

Date Submitted:     June 19, 2026
Date Decided:       June 26, 2026

Do Not Publish

6